George KARLOZIAN, Plaintiff–
Appellant,

v.

CLOVIS UNIFIED SCHOOL
DISTRICT, Defendant–
Appellee.

No. 98–16763.

D.C. No. CV–97–05443–OWW/SMS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided May 8, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL, District Judge.**

MEMORANDUM *

We review the grant of summary judgment *de novo. Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). Because Karlozian submitted direct evidence of discrimination, he was only required to produce "very little" evidence to show that the District's legitimate reason was pretextual. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221 (9th Cir. 1998).

---

** The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Karlozian did not, however, present any pretext evidence to the district court. Federal Rule of Civil Procedure 56(e) required Karlozian to "set forth specific facts showing that there is a genuine issue for trial." He failed to do so, despite being warned by the district court that the District's motion had the "power to end your lawsuit."

He argues that he is entitled to lenient treatment because he was proceeding *pro se*. We have held, however, that "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986) (upholding summary judgment against *pro se* plaintiff in civil rights case where plaintiff failed to file responsive material in opposition of summary judgment motion).

While pretext evidence may have been buried in Karlozian's 242 page deposition, "a district court is 'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir.1988)).

This is not a case where a *pro se* plaintiff presents his evidence in an improper format. Karlozian failed to submit his pretext evidence in any form. He not only violated a local rule, he violated Rule 56(e). Karlozian's violation of Rule 56(e), after having been warned of the effect of such a violation, is sufficient to warrant summary judgment. *See Jacobsen*, 790 F.2d at 1364.

AFFIRMED.